# EXHIBIT A



Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 20
SafetySeal(10176I)

MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS    LTR**        1 OF 1

**SHIP TO:**
MATTHEW PALATNIK
2149323601
AMF BOWLING WORLDWIDE, INC.
7313 BELL CREEK RD
**MECHANICSVILLE  VA 23111**

**VA 232 9-30**

**UPS NEXT DAY AIR**        **1**
TRACKING #: 1Z X21 278 01 3213 1275

BILLING: P/P

Reference No.1: SOP/2401130/536923283/CT SOP Custo

X04.20 01.16      NV45 20.0A 10/2016

1473352

31

Origin: Wolters Kluwer UPS 562130

CT Corporation

**UPS Tracking # :**   1ZX212780132131275

**Created By :**   Vishal Tyagi

**Created On :**   01/06/2020 03:49 PM

**Recipient :**

> **MATTHEW PALATNIK**
>
> Title :   --
>
> Customer :   AMF Bowling Worldwide, Inc.
>
> Address :   7313 Bell Creek Rd
>
> Email :   mpalatnik@bowlerocorp.com
>
> Phone :   -21277722145269        Fax :   -

**Package Type :**   Envelope

**Items shipped :**   1

| Log # | Case # | Entity Name |
|-------|--------|-------------|
| 536923283 | 1619652019 | Bowlero Sports and Entertainment Holdings, LLC |

 CT Corporation

**Service of Process Transmittal**
01/06/2020
CT Log Number 536923283

**TO:**  MATTHEW PALATNIK
AMF Bowling Worldwide, Inc.
7313 Bell Creek Rd
Mechanicsville, VA 23111-3551

**RE:**  **Process Served in New York**

**FOR:**  Bowlero Sports and Entertainment Holdings, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARIANNE W. CANTOR AND RICHARD CANTOR, PLTFS. vs. AMF BOWLING CENTERS, INC., ET AL., DFTS. // TO: BOWLERO SPORTS & ENTERTAINMENT HOLDINGS, ETC. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Compliant, Notice, Attachment |
| **COURT/AGENCY:** | New York County: Supreme Court, NY Case # 1619652019 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 09/14/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/06/2020 postmarked on 12/30/2019 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | STEVEN R. HYMOWITZ Fellows Hymowitz, PC 254 South Main Street, Suite 500 New City, NY 10956 (845)639-9300 |
| **REMARKS:** | According to the records of the New York Secretary of State, the only entity registered beginning with the name BOWLERO SPORTS & ENTERTAINMENT HOLDINGS is BOWLERO SPORTS & ENTERTAINMENT HOLDINGS, LLC |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780132131275 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252 EastTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

470 (Rev.

**PARTM**
One Commerce Plaza
9 Washington Avenue
lbany, NY 12231-0001

rn Services Requested

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 12231
02 1W
0001391831 DEC 30 2019

$ 004.95⁰



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8969 0059 7931 6777 76

201912260085
C T CORPORATION SYSTEM
28 LIBERTY STREET
NEW YORK NY, 10005

State of New York - Department of State
Division of Corporations

Party Served:                                          Plaintiff/Petitioner:
 BOWLERO SPORTS AND ENTERTAINMENT                       CANTOR, MARIANNE W
 HOLDINGS, LLC


 C T CORPORATION SYSTEM
 28 LIBERTY STREET
 NEW YORK,  NY 10005



 Dear Sir/Madam:
 Enclosed herewith is a legal document which was served upon the Secretary of
 State on 12/13/2019 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY
 LAW.  This copy is being transmitted pursuant to such statute to the address
 provided for such purpose.


                                              Very truly yours,
                                          Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------X

MARIANNE W. CANTOR and RICHARD CANTOR,

                            Plaintiffs,

          -against-

AMF BOWLING CENTERS, INC. d/b/a,
BOWLMOR CHELSEA PIERS, CHELSEA
PIERS MANAGEMENT INC., CHELSEA PIERS L.P.,
and BOWLERO SPORTS & ENTERTAINMENT HOLDINGS
d/b/a BOWLMOR,

                            Defendants.

-----------------------------------------------------------X

Index No.:
Date Filed:

**SUMMONS**

Plaintiff designates
New York County
the venue for trial.

Basis for Venue is
Place of Incident

To the above-named defendant:.

         **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if a complaint is not served with this summons, to serve a notice of appearance, upon plaintiffs' attorneys within **twenty (20) days** after service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 9, 2019
        New City, New York

                               STEVEN R. HYMOWITZ, ESQ.
                               Fellows Hymowitz, PC
                               Attorneys for Plaintiff
                               254 South Main Street, Suite 500
                               New City, NY 10956
                               (845) 639-9300

**Defendant addresses:**

AMF Bowling Centers, Inc.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005
By Secretary of State

Case 1:20-cv-09085-RAK1 Document 91  Filed 10/28/20   Page 8 of 22

Chelsea Piers Management, Inc.
c/o Chelsea Piers LP
Chelsea Piers #62, Suite 300
W 23rd Street & The Hudson River
New York, NY 10011
By Secretary of State

Chelsea Piers L.P.
Chelsea Piers – Pier 62
Suite 300, West 23rd St. and The Hudson River
New York, NY 10011.
By Secretary of State

Bowlero Sports and Entertainment Holdings, LLC
CT Corporation System
28 Liberty Street
New York, NY 10005
By Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

MARIANNE W. CANTOR and RICHARD CANTOR,

                            Plaintiffs,

-against-

AMF BOWLING CENTERS, INC. d/b/a,
BOWLMOR AT CHELSEA PIERS, CHELSEA
PIERS MANAGEMENT INC., CHELSEA PIERS L.P.,
and BOWLERO SPORTS & ENTERTAINMENT HOLDINGS
d/b/a BOWLMOR,

                            Defendants.

-------------------------------------------------------------X

**Index No.:**

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, FELLOWS HYMOWITZ, PC, as and for their Verified

Complaint, complaining of the defendants, respectfully shows the Court and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE AGAINST ALL DEFENDANTS

**FIRST:** At all times hereinafter mentioned, the plaintiffs MARIANNE W.

CANTOR and RICHARD CANTOR, were and still are residents of the County of Westchester,

State of New York.

**SECOND:** Upon information and belief, that at all times hereinafter mentioned, AMF

BOWLING CENTERS, INC., the defendant, (hereinafter "AMF"), was and still is a domestic

corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:** Upon information and belief, that at all times hereinafter mentioned,

the defendant AMF was and still is a foreign corporation licensed to do business in the State of

New York.

**FOURTH:** Upon information and belief, at all times hereinafter mentioned, the

–3–

Case 1:20-cv-09035-LAK Document 1-1 Filed 10/28/20 Page 10 of 22

defendant, AMF, was and still is doing business within the State of New York.

FIFTH: Upon information and belief, at all times hereinafter mentioned, the defendant, AMF, was and still is doing business under the name and style of BOWLMOR CHELSEA PIERS (sometimes hereinafter "BOWLMOR").

SIXTH: Upon information and belief, at all times hereinafter mentioned, the defendant, AMF, was and still is authorized to do business within the State of New York.

SEVENTH: Upon information and belief, that at all times hereinafter mentioned, the defendant, AMF, conducted business within the County of New York under the name of BOWLMOR, at Chelsea Piers-Pier 60, NY 10011.

EIGHTH: Upon information and belief, at all times hereinafter mentioned, the defendant, AMF, owned, operated, maintained, managed, inspected and/or controlled a recreational facility at Chelsea Piers-Pier 60, NY 10011.

NINTH: Upon information and belief, that at all times hereinafter mentioned, CHELSEA PIERS MANAGEMENT INC, the defendant, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

TENTH: Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS MANAGEMENT INC., was and still is doing business within the State of New York.

ELEVENTH: Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS MANAGEMENT INC., was and still is doing business under the name and style of BOWLMOR CHELSEA PIERS (sometimes hereinafter "BOWLMOR").

TWELFTH: Upon information and belief, at all times hereinafter mentioned, the

-4-

defendant, CHELSEA PIERS MANAGEMENT INC., was and still is authorized to do business within the State of New York.

**THIRTEENTH:** Upon information and belief, that at all times hereinafter mentioned, the defendant, CHELSEA PIERS MANAGEMENT INC., conducted business within the County of New York under the name of BOWLMOR, at Chelsea Piers-Pier 60, NY 10011or otherwise managed the property which was leased to BOWLMOR.

**FOURTEENTH:** Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS MANAGEMENT INC., owned, operated, maintained, managed, inspected and/or controlled a recreational facility at Chelsea Piers-Pier 60, NY 10011.

**FIFTEENTH:** Upon information and belief, that at all times hereinafter mentioned, CHELSEA PIERS LP, the defendant, was and still is a domestic limited partnership organized and existing under and by virtue of the laws of the State of New York.

**SIXTEENTH:** Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS LP, was and still is doing business within the State of New York.

**SEVENTEENTH:** Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS LP, was and still is doing business under the name and style of BOWLMOR AT CHELSEA PIERS (sometimes hereinafter "BOWLMOR").

**EIGHTEENTH:** Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS LP., was and still is authorized to do business within the State of New York.

**NINETEENTH:** Upon information and belief, that at all times hereinafter mentioned, the defendant, CHELSEA PIERS LP, conducted business within the County of New York under the name of BOWLMOR, at Chelsea Piers-Pier 60, NY 10011.

–5–

**TWENTIETH:** Upon information and belief, at all times hereinafter mentioned, the defendant, CHELSEA PIERS LP, owned, operated, maintained, managed, inspected and/or controlled a recreational facility at Chelsea Piers-Pier 60, NY 10011.

**TWENTY-FIRST:** Upon information and belief, that at all times hereinafter mentioned, BOWLERO SPORTS & ENTERTAINMENT HOLDINGS d/b/a BOWLMOR, the defendant, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

**TWENTY-SECOND:** Upon information and belief, at all times hereinafter mentioned, the defendant, BOWLERO SPORTS & ENTERTAINMENT HOLDINGS d/b/a BOWLMOR, was and still is doing business within the State of New York.

**TWENTY-THIRD:** Upon information and belief, at all times hereinafter mentioned, the defendant, BOWLERO SPORTS & ENTERTAINMENT HOLDINGS d/b/a BOWLMOR, was and still is doing business under the name and style of BOWLMOR AT CHELSEA PIERS (sometimes hereinafter "BOWLMOR").

**TWENTY-FORTH:** Upon information and belief, at all times hereinafter mentioned, the defendant, BOWLERO SPORTS & ENTERTAINMENT HOLDINGS d/b/a BOWLMOR, was and still is authorized to do business within the State of New York.

**TWENTY-FIFTH:** Upon information and belief, that at all times hereinafter mentioned, the defendant, BOWLERO SPORTS & ENTERTAINMENT HOLDINGS d/b/a BOWLMOR, conducted business within the County of New York under the name of BOWLMOR, at Chelsea Piers-Pier 60, NY 10011.

**TWENTY-SIXTH:** Upon information and belief, at all times hereinafter mentioned, the defendant, BOWLERO SPORTS & ENTERTAINMENT HOLDINGS d/b/a BOWLMOR,

–6–

owned, operated, maintained, managed, inspected and/or controlled a recreational facility at Chelsea Piers-Pier 60, NY 10011.

**TWENTY-SEVENTH:** That at all times hereinafter mentioned, the facility was open for use by members of the general public for the purpose of using the equipment within the facility.

**TWENTY- EIGHTH:** That at all times hereinafter mentioned, the Laser Tag course at the Bowlmor facility was for use by the general public and by invited guests of BOWLMOR.

**TWENTY-NINETH:** On September 14, 2017, the plaintiff, MARIANNE W. CANTOR, was an invited guest of the defendants and was encouraged to participate in its Laser Tag activity.

**THIRTIETH:** That after entering into the facility, plaintiff, MARIANNE W. CANTOR engaged in the Laser Tag activity in the area designated for this activity, and did so participate after the defendants' employees and/or agents represented that the activity was safe, and that it was particularly safe for participants of all ages and physical capabilities.

**THIRTY-FIRST:** That while participating in the Laser Tag activity at the defendants' facility, the plaintiff, MARIANNE W. CANTOR was seriously injured, inter alia fracturing her left leg and requiring surgery for repair of the fracture including the insertion and fixation of surgical hardware.

**THIRTY-SECOND:** That the injuries sustained by the plaintiff, MARIANNE W. CANTOR were caused by the gross negligence, recklessness and carelessness of the defendant in the maintenance, management, supervision, inspection and/or control of its facility proximately causing the plaintiff to be slammed into by another participant without warning nor justification on the Laser Tag course while she was standing still; that the defendants ignored the risks of injury on the Laser Tag course by all participants, including its invited guests such as

–7–

MARIANNE CANTOR, and failed to overcome those risks and protect invited guests, encouraged by defendants to use the Laser Tag course, and egregiously disregarded the safety and welfare of the plaintiff and others; that the defendant ignored recommended safety protocols for its patrons, including invited guests who used the Laser Tag course at its facility; in allowing the plaintiff, MARIANNE W. CANTOR to use the laser tag course at its facility without adequate supervision of other participants and was thus derelict in failing to supervise all players such as a much younger player, who upon information and belief, and without any deterrence by the defendants, ran into and collided with MARIANNE CANTOR with great force while MRS. CANTOR was lawfully upon the Laser Tag course at its facility which exposed MARINNE CANTOR to unknown and unforeseeable risks, but which risks were indeed known and foreseeable to defendants while defendants failing to place invited guests, such as the plaintiff, on notice of those risks; in failing to utilize and implement adequate warnings and instructions associated with the Laser Tag course and related activities that were improperly supervised; in failing to have properly trained employees supervising the Laser Tag, as defendants' employees on duty were ineffective in monitoring, regulating, and preventing unsafe actions of players using the Laser Tag course; in allowing untrained and unseasoned teenagers or college aged employees to oversee and regulate the conduct of other teenagers and much older participants improperly grouped together on the Laser Tag course at its facility while those invited guests, such as the plaintiff, MARIANNE CANTOR were improperly exposed to high risk activities; in failing to follow minimal voluntary safety standards; in failing to position adequate staff and/or video surveillance around the Laser Tag course used by the plaintiff; in creating an enhanced risk of injury to Laser Tag course users such as the Plaintiff, MARIANNE CANTOR, which enhanced risk was known to the defendants.

–8–

**THIRTY-THIRD:** Upon information and belief, the defendants, through their agents, servants and/or employees, were further negligent and careless in that they knew or should have known of dangers presented or faced by an invited guest such as the plaintiff who was participating in Laser Tag for the first time.

**THIRTY-FORTH:** That in light of the foregoing negligence and carelessness of the defendants causing serious and severe injuries to the plaintiff, the plaintiff has sustained damages both economic and pain and suffering damages in a cumulative amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE ON BEHALF OF PLAINTIFF RICHARD CANTOR

### FOR LOSS OF CONSORTIUM

**THIRTY-FIFTH:** Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "FIRST" through "THIRTY-FORTH" above, with the same force and effect as if set forth fully herein at length.

**THIRTY-SIXTH:** That prior to the commencement of this action and since (May 5, 1979), the plaintiffs were and still are husband and wife and they duly cohabitated as husband and wife.

**THIRTY-SEVETH:** That solely by reason of the foregoing, the plaintiff, RICHARD CANTOR, has been deprived of the comfort, services, companionship and society of the plaintiff, MARIANNE W. CANTOR.

**THIRTY-EIGHTH:** That solely by reason of the foregoing, the plaintiff, RICHARD

–9–

Case 1:20-cv-09035-LAK   Document 1-1   Filed 10/28/20   Page 16 of 22

CANTOR, has sustained damages in an amount which exceeds the jurisdictional limits of all courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff, MARIANNE W. CANTOR, demands judgment against the defendants on the First Cause of Action for monetary damages in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action; and the plaintiff, RICHARD CANTOR, demands judgment against the defendants on the Second Cause of Action for monetary damages in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action.

Dated: December 9, 2019
      New City, New York

STEVEN R. HYMOWITZ, ESQ.
Attorneys for Plaintiff
254 South Main Street, Suite 500
New City, NY 10956
845-639-9300

–10–

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF ROCKLAND       )

STEVEN R. HYMOWITZ, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiffs, MARIANNE W. CANTOR and RICHARD CANTOR, that he has read the foregoing SUMMONS AND COMPLAINT and knows the contents thereof; that the same are true to my knowledge, except those matters therein stated which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon deponent's general investigation of the facts herein and upon information received by deponent in the course of his duties as attorney for plaintiff.

The reason that this verification is made by your deponent instead of plaintiffs is because the plaintiff resides in a county other than the county in which your deponent has his office.

STEVEN R. HYMOWITZ, ESQ.

Sworn to before me this
9th Day of December, 2019.

Notary Public

YANIRIS CASTILLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6248212
Qualified in Rockland County
My Commission Expires 09-19-2023

YANIRIS CASTILLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6348212
Qualified in Rockland County
My Commission Expires 09-19-20

Index No

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARIANNE W. CANTOR and RICHARD CANTOR,

Plaintiffs,

-against-

AMF BOWLING CENTERS, INC. d/b/a,
BOWLMOR CHELSEA PIERS, CHELSEA
PIERS MANAGEMENT INC., CHELSEA PIERS L.P.,
and BOWLERO SPORTS & ENTERTAINMENT HOLDINGS
d/b/a BOWLMOR,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### FELLOWS HYMOWITZ, PC
*Attorneys for Plaintiff*
254 South Main Street - Suite 500
New City, New York 10956
(845) 634-1775
FAX (845) 634-3598

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are non-frivolous.

Dated: 12-10-19

_____
Steven R. Hymowitz, Esq.

Service of a copy of the within _____ is hereby admitted

Dated: _____ _____

Attorney(s) for

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a
NOTICE    entered in the office of the clerk of the within named Court on

ENTRY

☐  that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF                                        Hon.                                        one of
SETTLEMENT    the judges of the within named Court,

SETTLEMENT at
on

at          M

Dated: _____

FELLOWS HYMOWITZ, PC

By: _____

*Attorneys for Plaintiff*
254 South Main Street - Suite 500
New City, NY 10956
(845) 634-1775

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York
------------------------------------------------------------X
MARIANNE W. CANTOR and RICHARD
CANTOR

                              Plaintiff/Petitioner,

              - against -                                    Index No. 161905/2019

AMF BOWLING CENTERS, INC., d/b/a BOWLMOR CHELSEA PIERS, CHELSEA
PIERS MANAGEMENT INC., CHELSEA PIERS L.P., and BOWLERO SPORTS &
ENTERTAINMENT HOLDINGS d/b/a BOWLMOR,

                              Defendant/Respondent.
------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

You have received this Notice because:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits** of participating in e-filing include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 12-10-19

Steven R. Hymowitz, Esq.

Name

Fellows Hymowitz, PC

Firm Name

254 South Main Street, Suite 500

New City, New York 10956

Address

845-639-9300

Phone

shymowitz@pilaw.com

E-Mail

To:   Please see attached list

6/6/18

Index #                     Page 2 of 2                     EF-3

AMF Bowling Centers, Inc.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005
By Secretary of State

Chelsea Piers Management, Inc.
c/o Chelsea Piers LP
Chelsea Piers #62, Suite 300
W 23rd Street & The Hudson River
New York, NY 10011
By Secretary of State

Chelsea Piers L.P.
Chelsea Piers – Pier 62
Suite 300, West 23rd St. and The Hudson River
New York, NY 10011
By Secretary of State

Bowlero Sports and Entertainment Holdings, LLC
CT Corporation System
28 Liberty Street
New York, NY 10005
By Secretary of State